**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DUSTIN KOT,

    Plaintiff,                          Civil Action No. 2:08-14402

v.

                                       HONORABLE STEPHEN J. MURPHY, III

ERIC LARSEN, et. al.,

    Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### Introduction

Before the Court is Plaintiff Dustin Kot's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is a state prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. For the reasons stated below, the complaint is dismissed without prejudice.

### Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## **Complaint**

Plaintiff claims that he left Project Rehab in Grand Rapids, Michigan on September 14, 2008 with a thirty day supply of Seroquel, an anti-psychotic medication. Plaintiff claims that he was prescribed this medication because he has been diagnosed as being bi-polar. On October 14, 2008, plaintiff claims that he ran out of his supply of medication. Plaintiff claims that he attempted without success to obtain more medication from his parole agent, as well as the psychiatrist at Project Rehab. Plaintiff claims that after he ran out of Seroquel, he experienced headaches, sleeplessness, anxiety, and "an overpowering urge to use marijuana, my drug of choice." When he was unable to find marijuana, plaintiff began using alcohol, which lead to the revocation of his parole. Plaintiff alleges that had he not run out of his prescribed medication, his the circumstances which lead to his parole revocation would not have occurred. Plaintiff now seeks penal damages. It is unclear whether plaintiff seeks injunctive relief.

## **Discussion**

Plaintiff's complaint is subject to dismissal for several reasons.

First, to the extent that plaintiff seeks monetary damages arising from the revocation of his parole, he would be unable to obtain such damages absent a showing that his parole revocation had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The holding in *Heck* "applies to proceedings that call into question the fact or duration of parole or probation." *Noel v. Grzesiak*. 96 Fed. Appx. 353, 354 (6th Cir. 2004) (*quoting Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)). Because plaintiff does not allege that his parole revocation has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his parole revocation and subsequent incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See, e.g., Norwood v. Michigan Department of Corrections,* 67 Fed. Appx. 286, 287 (6th Cir. 2003).

Second, to the extent that plaintiff is seeking to have his parole revocation vacated or set aside in this civil rights action, his complaint is also subject to dismissal. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If a prisoner claims to be entitled to probation, bond, or parole,

his or her proper route for relief is to file a petition for writ of habeas corpus rather than a civil rights suit. *See Graham v. Broglin*, 922 F. 2d 379, 381 (7th Cir. 1991). A petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is therefore the proper avenue for plaintiff to challenge the revocation of his parole. *See Norwood,* 67 Fed. Appx. at 288.

Thus, to the extent that the plaintiff is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983. This Court will not, however, convert the matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, there are significant reasons not to "convert" it into a habeas corpus suit for disposition on the merits. See *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, it is best to dismiss the matter, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.*

Additionally, this Court cannot treat plaintiff's complaint as an application for habeas corpus relief because the plaintiff has not pleaded that has exhausted his state court remedies, as is required by 28 U.S.C. § 2254(b) & (c) in order to obtain federal habeas relief. *Parker v. Phillips,* 27 Fed. Appx. 491, 494 (6th Cir. 2001). Moreover, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

When a prisoner's civil rights claim is barred by the *Heck* doctrine, the best

4

course for a district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because a jurisdiction-related dismissal is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *Murphy,* 343 F. Supp. 2d at 609; *e.g., Diehl v. Nelson*, no. 98-21408, 1999 WL 1045076 (6th Cir. November 12, 1999) (citing *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)). Therefore, because this Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice.

## ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE.**

        s/Stephen J. Murphy, III
        Stephen J. Murphy, III
        United States District Judge

Dated: October 24, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 24, 2008, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager